UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
REBECCA CASTILLO,                                        :
:
Plaintiff,                    :
:        18-cv-00119-BMC
v.                                  :
:
STEVEN MADDEN, LTD.,                                     :
:
:
Defendant.                  :
:
-----------------------------------------------------------------x

### ANSWER OF STEVEN MADDEN, LTD.

Defendant, Steven Madden, Ltd. ("Steve Madden" or "Defendant"), for its Answer to the Complaint of Plaintiff Rebecca Castillo ("Castillo" or "Plaintiff"), asserts the following admissions, denials and defenses:

1.      Steve Madden denies the allegations set forth in Paragraph 1 of the Complaint.

2.      The statements set forth in Paragraph 2 of the Complaint are not allegations to which a response is required.  To the extent a response is required, Steve Madden denies the statements.

3.      Steve Madden admits that Plaintiff purports to assert claims against Steve Madden. Steve Madden denies that Plaintiff has stated a claim upon which relief may be granted. Steve Madden denies the remaining allegations set forth in Paragraph 3 of the Complaint.

4.      Steve Madden denies the allegations set forth in Paragraph 4 of the Complaint.

5.      Steve Madden admits that Plaintiff seeks an injunction.  Steve Madden denies that Plaintiff is entitled to an injunction.  Steve Madden denies the remaining allegations set forth in Paragraph 5 of the Complaint.

6.      Steve Madden admits that this Court has subject-matter jurisdiction over this action.  Steve Madden denies the remaining allegations set forth in Paragraph 6 of the Complaint as stated.

7.      Steve Madden admits that this Court has supplemental jurisdiction over Plaintiff's non-federal claims.  Steve Madden denies the remaining allegations set forth in Paragraph 7 of the Complaint as stated.

8.      Steve Madden admits the allegations set forth in Paragraph 8 of the Complaint.

9.      Steve Madden admits the allegations set forth in Paragraph 9 of the Complaint.

10.      Steve Madden is without knowledge sufficient to form a belief as to the truth of Plaintiff's allegations regarding her residence and therefore denies the same.  Steve Madden denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11.      Steve Madden admits that its headquarters are located in Long Island City, New York.  Steve Madden denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12.      Steve Madden denies the allegations set forth in Paragraph 12 of the Complaint.

13.      Steve Madden denies the allegations set forth in Paragraph 13 of the Complaint.

14.      Steve Madden denies the allegations set forth in Paragraph 14 of the Complaint.

15.      The statements set forth in Paragraph 15 of the Complaint are not allegations to which a response is required.  To the extent a response is required, Steve Madden denies the statements.

16.      The statements set forth in Paragraph 16 of the Complaint are not allegations to which a response is required.  To the extent a response is required, Steve Madden denies the statements.

17.     The statements set forth in Paragraph 17 of the Complaint are not allegations to which a response is required.  To the extent a response is required, Steve Madden denies the statements.

18.     The statements set forth in Paragraph 18 of the Complaint are not allegations to which a response is required.  To the extent a response is required, Steve Madden denies the statements.

19.     The statements set forth in Paragraph 19 of the Complaint are not allegations to which a response is required.  To the extent a response is required, Steve Madden denies the statements.

20.     The statements set forth in Paragraph 20 of the Complaint are not allegations to which a response is required.  To the extent a response is required, Steve Madden denies the statements.

21.     The statements set forth in Paragraph 21 of the Complaint are not allegations to which a response is required.  To the extent a response is required, Steve Madden denies the statements.

22.     The statements set forth in Paragraph 22 of the Complaint are not allegations to which a response is required.  To the extent a response is required, Steve Madden denies the statements.

23.     The allegations set forth in Paragraph 23 of the Complaint are legal conclusions which do not require a response from Steve Madden.  Steve Madden further states that the ADA speaks for itself.

24.     The allegations set forth in Paragraph 24 of the Complaint are legal conclusions which do not require a response from Steve Madden.  Steve Madden further states that the ADA speaks for itself.

25.     The allegations set forth in Paragraph 25 of the Complaint are legal conclusions which do not require a response from Steve Madden.  Steve Madden further states that the ADA speaks for itself.

26.     Steve Madden denies the allegations set forth in Paragraph 26 of the Complaint.

27.     Steve Madden denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Steve Madden denies the allegations set forth in Paragraph 28 of the Complaint as stated.

29.     Steve Madden denies the allegations set forth in Paragraph 29 of the Complaint as stated.

30.     Steve Madden denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Steve Madden denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Steve Madden denies the allegations set forth in Paragraph 32 of the Complaint.

33.     Steve Madden is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint and therefore denies the same.

34.     Steve Madden is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint and therefore denies the same.

35.     Steve Madden denies the allegations set forth in Paragraph 35 of the Complaint.

36.     Steve Madden denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Steve Madden denies the allegations set forth in Paragraph 37 of the Complaint.

38.     Steve Madden denies the allegations set forth in Paragraph 38 of the Complaint.

39.     Steve Madden denies the allegations set forth in Paragraph 39 of the Complaint.

40.     Steve Madden denies the allegations set forth in Paragraph 40 of the Complaint.

41.     Steve Madden denies the allegations set forth in Paragraph 41 of the Complaint.

42.     Steve Madden denies the allegations set forth in Paragraph 42 of the Complaint.

43.     Steve Madden denies the allegations set forth in Paragraph 43 of the Complaint.

44.     Steve Madden denies the allegations set forth in Paragraph 44 of the Complaint, including the sub-paragraphs contained therein.

45.     Steve Madden denies the allegations set forth in Paragraph 45 of the Complaint.

46.     The allegations set forth in Paragraph 46 of the Complaint are legal conclusions which do not require a response from Steve Madden.  Steve Madden further states that the ADA speaks for itself.

47.     Steve Madden denies the allegations set forth in Paragraph 47 of the Complaint and denies that Plaintiff is entitled to any injunctive relief sought.

48.     Steve Madden denies the allegations set forth in Paragraph 48 of the Complaint, including the sub-paragraphs contained therein.  Steve Madden denies that Plaintiff is entitled to any injunctive relief sought.

49.     Steve Madden denies the allegations set forth in Paragraph 49 of the Complaint.

50.     Steve Madden denies the allegations set forth in Paragraph 50 of the Complaint.

51.     Steve Madden denies the allegations set forth in Paragraph 51 of the Complaint.

52.     Steve Madden reiterates its preceding responses to the Complaint.

53.      The allegations set forth in Paragraph 53 of the Complaint are legal conclusions which do not require a response from Steve Madden.  Steve Madden further states that the ADA speaks for itself.

54.     The allegations set forth in Paragraph 54 of the Complaint are legal conclusions which do not require a response from Steve Madden.  Steve Madden further states that the ADA speaks for itself.

55.     The allegations set forth in Paragraph 55 of the Complaint are legal conclusions which do not require a response from Steve Madden. To the extent a response is required, Steve Madden denies the allegations set forth in Paragraph 55 of the Complaint.

56.     The allegations set forth in Paragraph 56 of the Complaint are legal conclusions which do not require a response from Steve Madden. To the extent a response is required, Steve Madden denies the allegations set forth in Paragraph 56 of the Complaint.

57.     The allegations set forth in Paragraph 57 of the Complaint are legal conclusions which do not require a response from Steve Madden. To the extent a response is required, Steve Madden denies the allegations set forth in Paragraph 57 of the Complaint.

58.     The allegations set forth in Paragraph 58 of the Complaint are legal conclusions which do not require a response from Steve Madden.  Steve Madden further states that the ADA speaks for itself.

59.     The allegations set forth in Paragraph 59 of the Complaint are legal conclusions which do not require a response from Steve Madden.  Steve Madden further states that the ADA speaks for itself.

60.     The allegations set forth in Paragraph 60 of the Complaint are legal conclusions which do not require a response from Steve Madden.  Steve Madden further states that the ADA speaks for itself.

61.     The allegations set forth in Paragraph 61 of the Complaint are legal conclusions which do not require a response from Steve Madden. To the extent a response is required, Steve Madden denies the allegations set forth in Paragraph 61 of the Complaint.

62.     The allegations set forth in Paragraph 62 of the Complaint are legal conclusions which do not require a response from Steve Madden. To the extent a response is required, Steve Madden denies the allegations set forth in Paragraph 62 of the Complaint.

63.     Steve Madden denies the allegations set forth in Paragraph 63 of the Complaint.

64.     Steve Madden denies the allegations set forth in Paragraph 64 of the Complaint.

65.     Steve Madden denies that Plaintiff is entitled to any relief requested.

## COUNT I WHEREFORE CLAUSE

Steve Madden denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause on page 17 of the Complaint, or to any other relief.

66.     Steve Madden reiterates its preceding responses to the Complaint.

67.     The allegations set forth in Paragraph 67 of the Complaint are legal conclusions which do not require a response from Steve Madden. To the extent a response is required, Steve Madden denies the allegations set forth in Paragraph 67 of the Complaint.

68.     The allegations set forth in Paragraph 68 of the Complaint are legal conclusions which do not require a response from Steve Madden. To the extent a response is required, Steve Madden denies the allegations set forth in Paragraph 68 of the Complaint.

69.     The allegations set forth in Paragraph 69 of the Complaint are legal conclusions which do not require a response from Steve Madden. To the extent a response is required, Steve Madden denies the allegations set forth in Paragraph 69 of the Complaint.

70.     The allegations set forth in Paragraph 70 of the Complaint are legal conclusions which do not require a response from Steve Madden. To the extent a response is required, Steve Madden denies the allegations set forth in Paragraph 70 of the Complaint.

71.     Steve Madden denies the allegations set forth in Paragraph 71 of the Complaint and denies that Plaintiff is entitled to any injunctive relief.

72.     Steve Madden denies that Plaintiff is entitled to any damages.

73.     Steve Madden denies that Plaintiff is entitled to attorneys' fees and/or costs.

## COUNT II WHEREFORE CLAUSE

Steve Madden denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause on page 18 of the Complaint, or to any other relief.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

At this time, Defendant asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have been or will be remediated at the time this action is finally adjudicated.

## THIRD DEFENSE – PLAINTIFF FAILED TO CONTACT DEFENDANT IN ACCORDANCE WITH ADA ACCESABILITY STATEMENT

Plaintiff made no pre-suit effort to obtain voluntary remediation of any barriers to access which may have brought resolution to this matter without wasting judicial resources. Therefore, Plaintiff should not be awarded any damages, costs, or fees.

## FOURTH DEFENSE – PRIOR SETTLEMENT OF CLAIMS

Plaintiff's claims are moot because Defendant has already agreed to remediate alleged barriers to access as part of a resolution of a prior ADA Title III lawsuit, there ceases to be a live controversy and no effective relief can be granted in a subsequent lawsuit because the defendant has already agreed to the injunctive relief sought in the present matter.

## FIFTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent the causes of action are based on visits to the websites at issue more than two years before the date the Complaint was filed.

## SIXTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because the statutes alleged in the Complaint do not require accessibility to the websites at issue and/or to all portions of the websites at issue.

## SEVENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because, even if the statutes alleged in the Complaint require accessibility, the absence of any defined standards for website accessibility having the force of law (including the private industry Website Content

Accessibility Guidelines cited in the Complaint) renders any determination of accessibility or inaccessibility subject to standards that are impermissibly vague and ambiguous and in violation of due process.

## EIGHTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because the barrier removal Plaintiff seeks under the ADA is not "readily achievable," easily accomplishable, or able to be carried out without causing Defendant undue hardship and/or fundamentally altering the nature of the websites at issue.

## NINTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent they rely on the contention that the websites at issue were designed in violation of the ADA or California law because the websites at issue were designed and constructed, in whole or in part, before the effective dates of any applicable regulations implementing the ADA or California law.

## TENTH DEFENSE

Plaintiff's Complaint and the causes of actions alleged therein are barred to the extent they rely on the contention that the websites at issue were designed in violation of the ADA or California law, because the websites at issue were designed and constructed, in whole or in part, before the effective dates of any applicable standard that had the force of law.

## ELEVENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent they rely on the contention that the websites at issue were designed in violation of the ADA or

California law, because neither the ADA, nor any California law, nor any of the statutes' implementing regulations, address accessibility to websites.

## TWELFTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred by Defendant's' good faith reliance upon reasonable interpretations of federal, state and local law.

## THIRTEENTH DEFENSE

Plaintiff's damages, if any, are barred to the extent Plaintiff has failed to mitigate or reasonably attempt to mitigate any damages.

## FOURTEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent Plaintiff never made any request for reasonable modifications of policies, practices or procedures, or for the provision of auxiliary aids or services, as would be required to pursue claims for Defendant's' failure to provide reasonable modifications or auxiliary aids or services.

## FIFTEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes upon which Plaintiff's claims are based.

## SIXTEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in part, to the extent Plaintiff's injury or injuries, if any, was or were caused by third parties acting outside the scope of agency, employment or control of Defendant's.

## SEVENTEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because Defendant's do not own or operate the website at issue.

## EIGHTEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in part, to the extent the operation of certain aspects of the websites at issue are subject to the control of third parties acting outside the scope of agency, employment or control of Defendant's.

## NINETEENTH DEFENSE

Plaintiff's claim for injunctive relief is barred to the extent Plaintiff lacks standing to seek or receive the injunctive relief sought in the Complaint.

## TWENTIETHDEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions.

## TWENTY-FIRST DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent Plaintiff's requested modifications of policies, practices and procedures are not necessary to Plaintiff's equal access to the portions of the websites at issue that operate as a place of public accommodation and/or are not reasonable modifications to Defendant's' alleged policies, practices and procedures.

## TWENTY-SECOND DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because the alleged violations are *de minimis* and non-actionable, as they do not materially impair Plaintiff's use of the websites at issue for their intended purpose.

### TWENTY-THIRD DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent all or certain portions of the websites at issue are not a public accommodation or do not have a nexus to a place of public accommodation.

### TWENTY-FOURTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred by Plaintiff's failure to state a clear and concise statement of the alleged claims, including, without limitation, Plaintiff's failure to state a date or dates on which they allegedly encountered barriers on the websites at issue, to identify specific portions of the websites at issue at which barriers allegedly were encountered, and to identify specific barriers on the websites at issue.

### TWENTY-FIFTH DEFENSE

Any allegedly wrongful acts or omissions performed by Defendant's or their agents, if any, do not subject Defendant's to liability because Defendant's were ready and willing to accommodate Plaintiff's alleged disabilities by providing access via alternative methods, but Plaintiff never asked for or sought any assistance.

### TWENTY-SIXTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent that Plaintiffs' claims are subject to the doctrines of res judicata and/or collateral estoppel based on Plaintiff's prior actions or litigation.

13

## TWENTY-SEVENTH DEFENSE

Plaintiff's claim for damages under California law is barred because Plaintiff was not denied equal access to the www.www.stevemadden.com website or Defendant's store locations.

## TWENTY-EIGHTH DEFENSE

Plaintiff's cause of action under California law is barred by the Supremacy Clause of the United States Constitution, Article VI, Section 2, in that any attempt by California to regulate the www.stevemadden.com website is barred by the doctrine of preemption in the face of pending federal regulation in this area.

## TWENTY-NINTH DEFENSE

Plaintiff's cause of action under California law is barred by the Commerce Clause of the United States Constitution, Article I, Section 8, in that any attempt by California to regulate the www.stevemadden.com website constitutes an unlawful restraint of interstate commerce.

## RESERVATION OF RIGHTS

In addition to the defenses stated above, Defendant's reserve the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

**WHEREFORE**, Defendant's request that the Court enter judgment dismissing the Complaint in its entirety and with prejudice; granting to Defendant's their costs and attorneys' fees; and granting to Defendant's such other relief as the Court may deem just and proper.

Dated: New York, New York            OGLETREE, DEAKINS, NASH, SMOAK
       March 12, 2018                   & STEWART, P.C.

By: _*s/ Evan B. Citron*_____
     Evan B. Citron
1745 Broadway, 22nd Floor
New York, NY  10019
(212) 492-2500
evan.citron@ogletree.com

*Attorneys for Defendant Steven Madden, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12 2018, the foregoing was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel of record for the Plaintiff as follows:

Javier L. Merino
DannLaw
1 Meadowlands Plaza, Suite 200
East Rutherford, NJ  07073

_____/s Evan B. Citron_____
        Evan B. Citron